UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIAN MARTINEZ,

                        Plaintiff,

      -against-                                      **COMPLAINT**

ELITE AUTO MALL INC. d/b/a ELITE AUTO
DEALERSHIP and GUSTAVO SUAREZ,

                        Defendants.
------------------------------------------------------------------X

        Plaintiff Julian Martinez ("Plaintiff" or "Martinez") by his attorney Pechman Law Group PLLC, complaining of Defendants Elite Auto Mall Inc. d/b/a Elite Auto Dealership ("Elite Auto Mall") and Gustavo Suarez (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

        1.    Martinez regularly working up to sixty-nine hours per workweek as a porter at Elite Auto Mall in Queens, New York and received a weekly salary. His weekly salary, however, was so low that it did not pay him required minimum wages, much less overtime wages due at the correct rate. Defendants also failed to pay Martinez spread-of-hours pay when he worked shifts longer than ten hours and to furnish him with a wage notice upon hiring and with wage statements at the end of each pay period.

        2.    Martinez seeks to recover from Defendants his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Martinez's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events giving rise to Martinez's claims occurred at Elite Auto Mall, located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Julian Martinez**

5. Julian Martinez resides in Queens County, New York.

6. Defendants employed Martinez as a porter from approximately April 2023 through March 22, 2025.

**Defendant Elite Auto Mall Inc.**

7. Defendant Elite Auto Mall Inc. is a New York corporation that owns, operates, and does business as Elite Auto Dealership, a used car dealership located at 60-74 Metropolitan Avenue, Ridgewood, New York 11385.

8. Elite Auto Mall is an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Throughout Martinez's employment, Elite Auto Mall had employees, including Martinez, engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, Elite Auto Mall has had an annual gross volume of sales in excess of $500,000.

11. Defendant Elite Auto Mall employed Martinez within the meaning of the FLSA and the NYLL.

12. Every year between April 2023 through March 22, 2025, Elite Auto Mall employed at least ten employees.

**Defendant Gustavo Suarez**

13. Gustavo Suarez is an owner and operator of Elite Auto Mall.

14. Gustavo Suarez is listed on the New York Department of State's Division of Corporations as the agent of Elite Auto Mall for Service of Process purposes.

15. Throughout Martinez's employment, Gustavo Suarez held power and authority over personnel decisions at Elite Auto Mall, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

16. Throughout Martinez's employment, Gustavo Suarez was regularly present at Elite Auto Mall, directing the work duties of employees.

17. Gustavo Suarez interviewed and hired Martinez.

18. Gustavo Suarez signed all of Martinez's weekly checks.

19. Gustavo Suarez ordered Claudia Beltran, his wife, to distribute Martinez's weekly checks personally.

20. Gustavo Suarez determined Martinez's wage rates paid.

21. Gustavo Suarez created and modified Martinez's work schedules.

22. Gustavo Suarez regularly directed Martinez's work duties, including determining the cars that Martinez had to wash.

23. Gustavo Suarez exercised sufficient control over the operations of Elite Auto Mall and Martinez's employment to be his employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

24. Martinez worked as a porter throughout his employment at Elite Auto Mall.

25. As a porter, Martinez washed cars, picked up cars from various locations to bring to Elite Auto Mall, drove cars to the auto repair shop, and took cars to be inspected at the Department of Motor Vehicles.

26. Throughout his employment with Defendants, Martinez neither sold nor repaired cars or car parts.

27. Throughout his employment, Martinez typically worked approximately sixty-three to sixty-nine hours per workweek, Monday through Saturday from approximately 9:30 a.m. to 8:00 p.m. or 9:00 p.m.

28. From approximately April 2023 through September 2024, Defendants paid Martinez $700 per workweek for all hours worked, including hours over forty per workweek.

29. From approximately September 2024 through January 2025, Defendants paid Martinez $800 per workweek for all hours worked, including hours over forty per workweek.

30. From approximately February 2025 through March 22, 2025, Defendants paid Martinez $850 per workweek for all hours worked, including hours over forty per workweek.

31. Throughout Martinez's employment, his regular wage rates fell below the New York State statutory minimum wage rate.

32. Defendants failed to pay Martinez overtime pay equal to at least one and one-half the minimum wage rate for all hours worked over forty per workweek.

33. Defendants did not pay Martinez spread-of-hours pay on days when he worked shifts spanning over ten hours.

34. Throughout his employment, Defendants did not provide Martinez with wage notices at his time of hire or when his wage rates changed.

35. Throughout his employment, Defendants paid Martinez's wages without accompanying wage statements accurately reflecting, *inter alia*, his hours worked and regular and overtime hourly rates paid.

## FIRST CLAIM
### (New York Labor Law – Unpaid Minimum Wages)

36. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

37. Defendants employed Plaintiff and are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations.

38. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

39. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

40. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

41. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

42. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

43. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

44. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

45. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

46. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate due.

47. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

48. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### THIRD CLAIM
### (New York Labor Law – Unpaid Overtime Wages)

49. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

50. Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.2, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

51. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

52. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

53. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

54. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

55. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.4.

56. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

57. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

58. The WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

59. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at his time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

60. Defendants' failure to comply with NYLL §195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff his minimum and overtime wages due.

61. As part of their general practice and policy, Defendants did not provide Plaintiff with any notice whatsoever, let alone the wage notice required under NYLL §195(1), upon hire or when his pay rates changed. Defendants did this to conceal from Plaintiff the regular and overtime rates he should have received. Had Plaintiff received this information, he would have known that he should receive pay of one and one-half times his regular wage rate for hours worked over forty per workweek, which would have allowed him to complain about Defendants' wage payment failures alleged herein.

62. By concealing this information, Defendants intentionally avoided informing Plaintiff of his legal rights and thereby willfully avoided paying him his minimum and overtime wages due per workweek as alleged in this Complaint.

63. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

64. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

65. The WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

66. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

67. As part of their general practice and policy, Defendants paid Plaintiff with checks that did not reflect his hours worked per workweek and regular and overtime wage rates due, thereby preventing Plaintiff from knowing whether he received his pay at the correct wage rates for all hours worked per workweek. Defendants did this to intentionally conceal from Plaintiff that he must receive one and one-half times his regular hourly wage rate per hour worked over forty per workweek. Had Defendants complied with the requirements of NYLL § 195(3), Plaintiff would have known that he was supposed to receive, and would have received, one and one-half times his regular rate per hour overtime hour worked.

68. By concealing this information, Defendants avoided paying Plaintiff his minimum and overtime wages due per workweek as alleged in this Complaint.

69. Furthermore, by paying their wages using handwritten checks that failed to deduct and report required withholdings, Defendants injured Plaintiff by failing to pay employer-side payroll taxes, including FICA and social security. This concretely harmed Plaintiff because Defendants' failure to comply with the requirements of NYLL § 195(3) will, among other things, reduce his entitlement to future social security benefits.

70. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d. declare that Defendants violated the wage notice and wage statement provisions of the WTPA;

e. declare that Defendants' violations of the FLSA and the NYLL were willful;

f. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g. award Plaintiff damages for unpaid minimum wages;

h. award Plaintiff damages for unpaid spread-of-hours pay;

i. award Plaintiff damages for unpaid overtime wages;

j. award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the NYLL;

k. award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the WTPA;

l. award Plaintiff pre- and post-judgment interest under the NYLL;

m. award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

n. award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
August 7, 2025

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Camille A. Sanchez
Pechman Law Group PLLC
488 Madison Avenue ☐17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff*